**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>JANINE E. COLLYMORE,<br><br>                   Debtor | Chapter 7<br>Case No. 11-15380-FJB |

**MEMORANDUM OF DECISION ON**
**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION**

The matter before the Court is the objection of the chapter 7 trustee—originally Joseph Braunstein, who passed away after filing this objection and has been succeeded as trustee by John Desmond, who has adopted his predecessor's position—to the claim of exemption by debtor Janine Collymore (the "Debtor") as to her remainder interest in the real property at 15 Tucker Ave., Lexington, Massachusetts. The property is subject to a life estate in the Debtor's mother, Julia Collymore ("Julia"). As the basis of her homestead exemption, the Debtor relies on Julia's estate of homestead and her (the Debtor's) status as Julia's child (albeit adult child); she contends that the Massachusetts homestead statute protects not only the homestead declarant but also all the declarant's family and protects any interest family members may have in the property. The Trustee opposes the claim of exemption on various grounds, including that Julia's estate of homestead lapsed as to the Debtor's interest in the property when Julia transferred the remainder interest to the Debtor because, in doing so, Julia did not reserve the homestead estate. For the reasons set forth below, the Court agrees that the estate of homestead has lapsed, at least as to the Debtor's remainder interest, and therefore that the Debtor is not entitled to homestead protection of her interest.

**FACTS AND PROCEDURAL HISTORY**

In their joint pretrial statement, the Debtor and the Trustee agreed as follows. By deed dated June 7, 1973, the Debtor's parents, Julia and Wendell Collymore, obtained title to the real property as tenants by the entirety. In 1976, Wendell and Julia conveyed title in the property to Julia in fee simple. In 1994, Julia filed a Declaration of Homestead under Mass. Gen. Laws ch. 188. In 2009, Julia executed a deed (the "2009 deed") conveying title to the property to the Debtor, her daughter, which deed reserved a life estate to herself (Julia) but did not reserve the estate of homestead as to the transferred interest. On June 3, 2011, the Debtor filed a chapter 7 petition. Joseph Braunstein was appointed chapter 7 trustee. In July 2013, the Debtor amended her schedule of real property to list her interest in the property, subject to a life estate, and valued the property in the schedule at $440,000. Also in July 2013, the Debtor amended her schedule of exemptions to claim her remainder interest in the property as fully exempt under Mass. Gen. Laws ch. 188.

Trustee Braunstein objected to the asserted homestead exemption, and the Debtor filed an opposition to the objection. On January 10, 2014, the Court convened an evidentiary hearing on the Trustee's objection. At the hearing the Trustee (now Desmond) objected to the introduction of any evidence concerning the mother's intent when she executed the 2009 deed, but the Court overruled that objection. There was one witness, Julia, who testified on direct (in her affidavit, which was admitted in lieu of direct testimony) that when she executed the 2009 deed, she intended to reserve the estate of homestead, even though she did not expressly state such reservation in the deed. However, on cross examination, Julia stated that she did not actually have any intent about reservation of the homestead; she simply had not thought of it or considered the issue. I find that she did not expressly reserve her estate of homestead or even intend to do so.

2

**DISCUSSION**

The parties stipulated that the effect of the 2009 Deed on the homestead estate is governed by Mass. Gen. Laws ch. 188 as it existed before its revision in 2011.  I agree and analyze the dispute under that statute; the effect of the alleged event of termination, the transfer to the Debtor, should be governed by the law that prevailed when the event occurred.

The legal issue presented is the meaning of the word "may" in section 7 of the now-superseded version of the homestead statute, Mass. Gen. Laws ch. 188, § 7:

> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:--(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located.

Mass. Gen. Laws ch. 188, § 7 (2009).  The Trustee argues that, under subsection 7(1), a deed that does not expressly reserve an estate of homestead necessarily terminates the homestead estate; and accordingly, when the Debtor filed her bankruptcy petition in 2011, there was no homestead estate available to her to support her exemption.  The Trustee says that the word "may," which is permissive, merely recognizes the owner's options:  to terminate by the method in subsection 7(1), to terminate by the method in subsection 7(2), or not to terminate at all.  It does not signify that if the owner executes a deed conveying the property in which an estate of homestead exists without specifically reserving the estate of homestead, the deed might not terminate the estate of homestead.  The Debtor argues that the mother's intent must be taken into account in deciding whether the homestead was terminated because the word "may" in section 7 means that either of the methods stated in that section require that the owner intend to terminate the homestead; and, even where a deed does not specifically reserve the estate of homestead, the estate is not terminated if the owner did not intend to terminate.  See *In re Jones*, 467 B.R. 256, 259 (Bankr. D. Mass. 2011) (construing the word "may" as presupposing an

intention on the part of the property owner to terminate the homestead). The state courts in Massachusetts have not decided this issue, so I must predict how the Supreme Judicial Court would rule if the issue came before it. *Id*.

I agree with the Trustee that the word "may" in section 7 cannot have the meaning the Debtor would give it. First, the statute is plain and unambiguous: unless the owner specifically reserves the homestead estate in the deed, the estate is terminated. Second, the Debtor's proposed interpretation is inconsistent with both the statute of frauds (requiring a writing to transfer an interest in real property) and the recording system in the Commonwealth. If an owner can fail to expressly reserve the homestead under section 7(1), but actually reserve the homestead through an unexpressed mental reservation, creditors and others cannot rely on the deed recorded at the Registry to provide notice of the homestead estate. Under the statute, absence of a specific reservation is dispositive. The transferee, and parties relying on the deed as recorded, must be able to rely on the deed. Even more curious is the application of this reading to subsection 7(2). Under that subsection, an owner may terminate the homestead by signing and recording a release of the homestead at the Registry. Because subsection 7(2) is also modified by the prefatory language of section 7, including the word "may," a creditor would be unable to rely on the recorded release because the owner may not have intended to release the homestead estate. I do give meaning to the word "may" in section 7 and do not suggest it is surplus. The legislature merely was stating that an owner may, but need not, terminate a homestead; it does not mean that when one of the two methods is employed that it might not be effective to terminate a homestead. The import of subsection 7(1) is clear: a conveyance that does not expressly reserve the estate of homestead terminates it. The default position is termination; absent an express reservation, conveyance terminates the estate, regardless of any specific intent to the contrary that the conveyor may secretly harbor. Therefore, the conveyance without reservation of the estate of

4

homestead effectively terminated the estate, at least as to the transferred remainder interest.  And, in any event, Julia had no intent to reserve the estate of homestead.

Based on the foregoing, the Court will enter a separate order sustaining the Trustee's objection to the Debtor's assertion of an exemption in her remainder interest in the property.

Date:  January 15, 2014

_____
Frank J. Bailey
United States Bankruptcy Judge